IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRODERICK DIXON,

                Plaintiff,

    v.

JUSTIN RIBAULT,

                Defendant.

OPINION AND ORDER

21-cv-472-slc

---

Pro se plaintiff Broderick Dixon, who is incarcerated at the Columbia Correctional Institution, is proceeding on a First Amendment retaliation claim that defendant Justin Ribault discontinued plaintiff's medical restrictions in retaliation for plaintiff filing sexual harassment complaints against him. Now before the court is Ribault's motion for summary judgment on the ground that Dixon did not exhaust his administrative remedies before filing this lawsuit, as required by 42 U.S.C. § 1997e(a). Dkt. 14. Because Ribault has shown that Dixon failed to exhaust his administrative remedies with respect to his First Amendment claim, I will grant the motion for summary judgment, dismiss Dixon's claim without prejudice, and close this case.

OPINION

I.  Legal Standards

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. In sum, a prisoner fails to exhaust remedies where he fails to take advantage of specific procedures for obtaining review of his claims. *See Cannon*, 418 F.3d at 718. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). A failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proved by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review system  (ICRS) set forth in Wisconsin Administrative Code ch. DOC 310. Prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Under the ICRS, "[e]ach complaint may contain only one clearly identified issue." Wis. Admin. Code § 310.07(5).

However, the Prison Rape Elimination Act (PREA) modifies the process for filing a grievance about sexual assault; for example, it eliminates a time limit for reporting sexual assault and does not require prisoners to attempt to resolve an alleged sexual assault with staff. *See* 28 C.F.R. § 115.52; *Parry v. Muller*, 2018 WL 4027572, *3 (S.D. Ill. Aug. 23, 2018). Wisconsin's PREA complaint procedure incorporates these modifications and also states that "[t]he inmate may use an alternative method of filing, including submission of the complaint directly to the warden" when alleging sexual abuse. Wis. Admin. Code §§ 310.08(1) and (2). However, neither

federal nor state law alter the inmate complaint grievance process for other grievances or extend the time frame for appealing PREA-related complaints. *See Poventud v. Saldaris*, 2020 WL 1046095, at *3 (E.D. Wis. Mar. 4, 2020); Wis. Admin. Code §§ 310.08(7).

To exhaust a retaliation claim like Dixon's, an inmate "at a minimum . . . must identify two things:  the protected conduct that provoked the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (internal citation and quotation marks omitted); *see also Flores v. Gardner*, no. 17-cv-657-slc, 2018 WL 4853038, at *3 (W.D. Wis. Oct. 5, 2018) (citing same).

## II.  Analysis

Ribault has presented undisputed evidence showing that Dixon submitted inmate complaint nos. CCI-2021-4288 and CCI-2021-4569 on March 17 and 21, 2021, related to his sexual assault allegations against Ribault. *See* dkts. 16-2 at 10 and 16-3 at 8-9. Ribault argues that neither complaint was sufficient to exhaust Dixon's retaliation claim because the complaints only addressed the conduct of the warden and the security director in failing to allow Dixon to participate adequately in the investigation of Ribault.  I agree.  An inmate's complaint is sufficient for exhaustion purposes if it provides notice to prison officials of "the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citation omitted).  Dixon made clear in both his inmate complaints that the issue he was challenging was the denial of his participation in the investigation of Ribault.

Dixon argues that he referred to Ribault's conduct as retaliatory in his second complaint, *see* dkt. 16-3 at 9, and attached copies of his PREA-related communications and complaints to

3

both inmate complaints he made about the handling of the investigation.  However, even assuming that the ICE saw these attachments, Dixon's stated concern in complaint nos. CCI-2021-4288 and CCI-2021-4569 was the handling of the investigation by Warden Fuchs and PREA Compliance Manager Fink.  Dixon did not make it clear to the ICE that the one issue he was challenging in his inmate complaints was Ribault's motive for removing Dixon's medical restrictions. *See Malone v. Clark*, No. 04-cv-229-bbc, 2004 WL 2504211, at *5 (W.D. Wis. Oct. 26, 2004) ("[Malone's] failure to make it clear to the reviewing authority that [the] complaint . . . was intended to challenge defendant Clark's motive for issuing him a conduct report, if this is what his complaint was about, dooms his argument that he presented his retaliation claim in a manner sufficient to alert the prison to the nature of the wrong for which he was seeking redress.") (internal citation and quotation marks omitted).

Dixon avers that he properly used other channels to complain about the alleged retaliation, including DOC-643 Interview/Information Request forms to the health services manager and security director between January 19 and 28, 2021, letters to the warden and security director on March 9-10, 2021 that were construed as PREA complaints, and psychological treatment that Dixon sought based on the incident.  Dkt. 20 at ¶¶6, 9, 11, 16. Generally the use of alternative investigative processes does not excuse a failure to use the proper grievance system.  *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011).  However, PREA modifies the process for filing grievances about sexual assault, and Wis. Admin. Code §§ 310.08(2) specifically allows inmates to file complaints alleging sexual abuse using alternative filing methods, including submitting a complaint directly to the warden.

4

Although Ribault states in his reply brief that the state regulations do not govern First Amendment retaliation claims, he does not support his argument with any legal authority or develop it in any meaningful way.  For his part, Dixon correctly points out that Section V of DOC Executive Directive #72 regarding sexual abuse and harassment provides that "DOC provides multiple avenues to report allegations of sexual abuse and sexual harassment and, further, recognizes the right of employees and offenders to be free from *retaliation* for reporting sexual abuse and sexual harassment."  Dkt. 20-16 at 2 (emphasis added).  In addition, Section XIV, which is entitled Reporting Sexual Abuse, Sexual Harassment and Retaliation, expressly states that "DOC shall provide multiple ways for offenders to privately report sexual abuse and sexual harassment, *retaliation by other offenders or employees for reporting sexual abuse and sexual harassment*, and employee neglect or violation of responsibilities that may have contributed to such incidents." *See* https://doc.wi.gov/Documents/AboutDOC/PREA/ExecutiveDirective72.pdf (visited December 17, 2021) (emphasis added).

Therefore, even though Wis. Admin. Code § DOC 310.08 does not mention retaliation in particular, it appears that DOC considers both reports of sexual harassment and retaliation for reporting sexual harassment to be PREA complaints that are not subject to all of the filing rules set forth in the ICRS.  In fact, DOC's Inmate PREA Handbook specifically defines retaliation; identifies alternative reporting methods, including sending a request to any staff person; and states that "[v]ictims of sexual abuse, sexual harassment or report related retaliation are monitored by staff."  *See*  https://doc.wi.gov/Documents/AboutDOC/PREA/Inmate PREAHandbook.pdf at pp. 6, 10, 13.

5

In light of the above, it appears that Dixon raised his initial retaliation claim properly by using alternative channels to the ICRS process. However, this does not mean that Dixon fully exhausted his retaliation claim by filing all necessary appeals in the place and at the time the administrative rules required him to do. "Although PREA modifies some of the exhaustion requirements, . . . it does not provide a completely alternative grievance process." *Parry v. Muller*, 2018 WL 4027572, at *3 (S.D. Ill. Aug. 23, 2018). The Wisconsin Administrative Code, the inmate PREA handbook, and the Executive Order no. 72 do not set forth specific procedures for how an inmate should appeal the denial of a PREA-related complaint, but the preamble to § DOC 310.08 states that "[a]n inmate may file a complaint alleging sexual abuse using the procedures under this chapter," which includes the ICRS. In addition, § DOC 310.08(7) states that time frames are not waived for "PREA related complaint appeals," suggesting that PREA complaints must be appealed in the same manner as any inmate other complaint.

Neither Ribault nor Dixon address how and when Dixon should have appealed his PREA complaints—including the retaliation claim—and whether he did so in this case. Apart from Dixon's two ICRS complaints that did not properly raise his retaliation claim,[1] and his subsequent appeals of those complaints, it does not appear that Dixon filed any other complaints or appeals following the denial of his PREA complaints. However, there is insufficient information in the record from which the court can determine whether Dixon fully exhausted his available administrative remedies with respect to his PREA-related retaliation

---

[1] As discussed above, inmate complaint nos. CCI-2021-4288 and CCI-2021-4569 relate to Dixon's alleged failure to participate in the PREA investigatory process.

claim.  Therefore, I will give the parties an opportunity to address these issues:  (1) whether there was an administrative remedy available to Dixon for appealing his PREA-related retaliation claim; and (2) whether Dixon completed all necessary steps under that remedy.  Because Ribault has the burden of proof with respect to exhaustion, I will ask that he submit a supplemental brief to which Dixon will be given an opportunity to respond.

## ORDER

IT IS ORDERED that defendant Justin Ribault shall have until January 14, 2022 to show whether plaintiff Broderick Dixon exhausted all necessary steps available to him in the administrative grievance process related to his PREA retaliation claim.  Plaintiff shall have until January 31, 2022 to respond.

Entered this 21st day of December, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

7